pef. curiam

Ifc is not. a good tender. When a specific article, is to be delivered and no place appointed, the debtor must give notice of his readiness to pay on the day, and request the creditor to appoint a place where he will receive it; and on the day he must attend at the place appointed until sunset, to make the delivery, unless the creditor refuses or accepts before: Itere no such request was made, rtor was there any appointment of place; and the creditor could not know that he was ready to make the delivery at his own house ; and besides, had that been the place appointed, it does not appear that he attended till sunset, and that the creditor did not come. The jury found against the plea, and the Plaintiff had judgment.
Note. — in this case, Jones, Solicitor-General, alleged there had been many decisions in the lower courts establishing it as incumbent upon the creditor on the day appointed by the contract, where no place was m entioned, to demand the article at the- house, of the debt- or, otherwise he should not be allowed to support his action — (he consequence of which is, that the debloi need nol request a place to be appointed, but a being ready at his own house, would be sufficient_ Judge Wilt.!:news said, there had been such decisions, founded upon proof that such was the general course of that species of trade that the contract concerned, and that lite general practice of the country was such wil.lt respect to contracts of that nature ; but that the genera! rule of law was as laid down rd supra.
itioTE,— Mr. Jones is supported in what he said, by the case of Armstead v. Abbeisan, decided at Kdenlon, 1791. There the Plaintiff declared on a coví mint to deliver tar and other articles to a certain amount — tlu Defendant pleaded always ready, and the Plaintiff was nonsuited for not proving a demand, and refusal or neglect in the De-fendunt. < This decision may have been founded on such evidi nee as Judge V ri. liams spoke of. if it was not, if seuns, tobe directly against the rule laid down in Co Litt. 210, b. and which is recognized as the true one in many other books.
Note. — Vide Thompson v Gaylard, 2 Hay. 150.